UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BELL, ARON COATES, SHAWN CROWLEY, CHRISTAIN JOHNSON, JENNIFER KINSEY, MATTHER PHAM, CHANCE L. PICHON, CHRISTOPHER ROBINSON, DOMINICK TAYLOR,** On behalf of themselves and all others similarly situated, <br>         Plaintiffs, <br><br> VERSUS <br><br> **ASSOCIATED WHOLESALE GROCERS, INC.** <br>         Defendant | **CIVIL ACTION: 2:19-CV-00131** |

# COMPLAINT

NOW COME, Plaintiffs, Christopher Bell, Aron Coates, Shawn Crowley, Christian Johnson, Jennifer Kinsey, Matthew Pham, Chance L. Pichon, Christopher Robinson, and Dominick Taylor, who bring this collective action pursuant to the Fair Labor Standards Act and complain, on behalf of himself and all others similarly situated, against Defendant, Associated Wholesale Grocers, Inc. ("AWG"), as follows:

## I. INTRODUCTION

1. Plaintiffs bring this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and individually under the Louisiana Wage Statute, La. Rev. Stat. Ann. § 23:631 to recover unpaid wages, unpaid minimum wages, unpaid overtime wages and statutorily authorized liquidated and penalty damages as well as reasonable attorney's fees and costs associated with this litigation.

2. Defendant implemented and adhered to record-keeping and compensation policies and practices that intentionally required employees to work hours in excess of 40 hours in a

1

workweek but prohibited employees from properly recording all hours worked so that Defendant could avoid paying overtime compensation to its employees.

3. Defendant's record-keeping and compensation policies and practices created and continue to create willful failures and refusals to pay proper minimum wage and overtime compensation to Plaintiff and all other similarly situated nonexempt employees who are or were prohibited from accurately recording their work hours and not compensated properly for all their hours worked.

4. In violation of the Louisiana Wage statute, Defendant terminated Plaintiff and failed to pay timely all compensation owed to Plaintiff at the time of his termination, including but not limited to unpaid minimum wages and unpaid overtime wages for off-the-clock hours Plaintiff suffered or was permitted to work.

## II. PARTIES

5. Plaintiffs, Christopher Bell, Aron Coates, Shawn Crowley, Christian Johnson, Jennifer Kinsey, Matthew Pham, Chance L. Pichon, Christopher Robinson, and Dominick Taylor, are adult citizens of the United States and resident of Louisiana.

6. Defendant, Associated Wholesale Grocers, Inc. is a Foreign Corporation authorized and doing business in Louisiana.

7. Plaintiffs are former employees of AWG.

## III.   JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action is brought under the Fair Labor Standards Act.

9. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the facts giving rise to the state law claims form part of the same case or controversy as the facts giving rise to the federal question claims.

10. This Court has personal jurisdiction over Defendant because it conducts business and employs individuals in the judicial district.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); business records are kept and all or a substantial part of the events giving rise to the claims occurred within this judicial district, including but not limited to the unlawful employment and compensation practices described herein.

## IV.   STATEMENT OF FACTS

12. AWG is the nation's largest cooperative food wholesaler to independently owned supermarkets, serving over 3,800 locations in more than half of the states in the country.

13. One of AWG's distribution centers is located in Pearl River, Louisiana.

14. The Pearl River facility is extremely busy and employs regularly over 300 employees at a time. The work is fast paced and the vast majority of the workers work well over 40 hours per workweek.

15. Plaintiffs worked for AWG as laborers in AWG's warehouse.

16. Plaintiffs' job duties included unloading products from delivery trucks and placing the products in the warehouse, repackaging product pallets to prepare for shipment, and loading delivery trucks with products.

17. Plaintiffs were compensated at an hourly rate, and they all regularly worked significant hours in excess of 40 hours in a workweek.

18. Plaintiffs regularly and routinely worked through their scheduled lunch breaks, and worked after their scheduled shift end time and on weekends resulting in between 60 to 70 work hours in most workweeks.

19. AWG intentionally kept inaccurate time records by automatically deducting a 30 minute lunch break regardless of whether the plaintiff actually took a lunch break.

20. AWG knew or should have known when the plaintiffs did not take their lunch breaks, but AWG failed to correct the time sheets, and consequently, Plaintiffs were not compensated for this time.

21. Plaintiffs' time sheets were controlled and manipulated by their supervisors and managers outside Plaintiffs' knowledge or consent.

22. Plaintiffs rarely took a lunch break of more than a few minutes because their performance was based on production numbers that incentivized and virtually required them to work through lunch.

23. Plaintiffs usually worked 12 to 14 hour days and 65 to 80 hours per workweek.

24. Plaintiffs' co-workers worked similar work hours and also worked through lunch or took a short lunch break of less than 20 minutes.

25. Even though Defendant used a timekeeping system that was capable of accurately recording employee's work hours, Defendant instructed their employees not to clock out for lunch so that AWG would, by default, deduct 30 minutes per workday.

26. Defendant's record-keeping and compensation policies ensured that employees were not, as a practical matter, able accurately to record their actual work hours.

27. No manager for Defendant ever questioned or took steps to investigate why Plaintiffs worked hours outside of and in excess of their scheduled work time or whether they accurately reported all the hours she worked.

28. No manager for Defendant ever ordered Plaintiff to cease working hours outside of and in excess of their scheduled work hours; rather, Defendant knowingly allowed and suffered Plaintiffs to work hours outside of and in excess of their scheduled work time.

29. Defendant developed and implemented its time-keeping policy at the Pearl River facility to

minimize its overtime compensation payments to its hourly employees.

30. Plaintiffs routinely witnessed other employees work through their scheduled lunch breaks without being compensated for the work.

31. Upon information and belief, Defendant's record-keeping and compensation policies were dictated and issued by Defendant's senior management at the Pearl River facility and applied equally and uniformly to all hourly employees at the Pearl River location.

32. Defendant's record-keeping policy, in its totality, promoted the falsification of employee time sheets by making it practically impossible for hourly employees to report their work hours accurately.

33. Consequently, all hourly employees who were subject to AWG's aforesaid record-keeping policy are similarly situated to Plaintiff.

## V. FLSA CLAIM

34. Defendant has gross annual sales equal to or greater than $500,000.

35. Defendant engaged in interstate commerce including but not limited to allowing its employees to handle, sell, produce, or otherwise work on goods or materials that came from a state other than Louisiana.

36. Plaintiffs, as employees of Defendant, engaged in interstate commerce including but not limited to handling, selling, producing, or otherwise working on goods or materials that came from a state other than Louisiana.

37. At all relevant times, Plaintiffs were compensated at an hourly rate.

38. Defendant failed to keep accurate payroll records showing the total hours worked each day and week by its employees.

39. Defendant refused to pay employees for lunch breaks even if the employee did not take a break of more than 20 minutes in a day.

40. Plaintiffs regularly worked time that they were not permitted to record properly and for which they were not compensated properly or at all.

41. Plaintiffs regularly worked time in excess 40 hours in a workweek for which they were not compensated.

42. Defendant did not compensate Plaintiffs properly for all hours worked.

43. Defendant did not compensate Plaintiffs at a rate of one and one-half times Plaintiff' regular rate of pay for all hours Plaintiffs worked in excess of 40 hours in a workweek.

44. Defendant violated 29 U.S.C. §§ 206 & 207 by failing to compensate Plaintiffs properly.

45. Defendant knew that Plaintiffs worked hours for which Plaintiffs was not compensated properly.

46. Defendant failed to act in good faith when they promoted falsification of payroll records and refused to pay employees properly for time worked.

47. Defendant either knew their conduct was illegal or showed reckless disregard as to whether their conduct violated the law.

48. Defendant's actions constitute knowing, intentional and willful violations of the FLSA.

49. Plaintiffs were damaged as a direct and proximate result of Defendant's actions, policies and practices and failure to compensate them properly.

50. Defendant has many other employees who worked at the same location operated by Defendant and were subjected to the same improper record-keeping and compensation policies as Plaintiffs. These employees are similarly situated to Plaintiffs because they were prohibited from recording their work hours properly and worked hours for which they were not compensated properly.

51. Pursuant to 29 U.S.C. § 216(b), Plaintiffs maintain this collective action on behalf of Plaintiff

and other similarly situated employees.

52. Defendant maintains records identifying the names, addresses and other contact information of putative collective class members who are similarly situated to Plaintiffs.

53. To the extent required by law, notice will be provided to putative collective class members who are similarly situated to Plaintiff.

54. Plaintiffs and other similarly situated individuals are entitled to recover from Defendant their unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs and judicial interest.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed putative collective class members who are similarly situated to Plaintiff, pray that the Court:

a. Certify this action as a collective action pursuant to 29 U.S.C. § 216(b);

b. Recognize and designate Plaintiffs as representative Plaintiffs of the collective action;

c. Order notice be sent to all putative collective class members who are similarly situated to Plaintiff that apprises the putative collective class members of the litigation and their ability to assert timely FLSA claims in this action by filing a Consent to Join in this action;

d. Enter judgment declaring that Defendant's policies and practices complained of herein violate the FLSA;

e. Enjoin Defendant, its officers and agents from engaging in the policies and practices complained of herein;

f. Enter judgment against Defendant and award to Plaintiffs, and all others similarly situated, damages for unpaid wages, unpaid minimum wages, unpaid overtime wages,

liquidated damages, pre-judgment interest and post-judgment interest, all in amounts to be determined at trial;

g. Enter judgment requiring Defendant to pay to Plaintiff's, and all others similarly situated, costs and expenses of bringing this action, including but not limited to reasonable attorney's fees, expert's fees and costs of sending notice to putative collective class members;

h. Enter judgment awarding to Plaintiff, and all others similarly situated, any and all further legal relief as this Court deems necessary, just and proper.

Respectfully submitted,

/s/Chad A. Danenhower
Chad A. Danenhower, Bar # 32845
Danenhower Law Firm, LLC
212 Park Place
Covington, LA 70433
Phone: 985-590-5026
Fax: 985-605-0525
chad.danenhower@danenhowerlaw.com


Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile:  (985) 892-2640
dale@daleslaw.com