UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER BELL, ET AL.                    CIVIL ACTION

VERSUS                                      NO: 19-131

ASSOCIATED WHOLESALE                        SECTION: "H"
GROCERS, INC.

## ORDER AND REASONS

Before the Court is Defendant Associated Wholesale Grocers, Inc.'s ("AWG") Motion to Dismiss some of Plaintiffs' claims brought under the Louisiana Wage Statute (Doc. 11). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

The nine Plaintiffs in this case are former employees of Defendant AWG, a cooperative wholesaler that sells food to grocery stores. Plaintiffs all worked at AWG's distribution warehouse in Pearl River, Louisiana, and they all were once opt-in plaintiffs in a lawsuit brought under the Fair Labor Standards Act ("FLSA") against AWG by one of their former co-workers.[1] After this Court denied conditional certification of the proposed collective action in that case, the Court granted a motion by AWG to dismiss the opt-in plaintiffs. Plaintiffs shortly thereafter filed this lawsuit seeking essentially the same relief under essentially the same facts. In this case, however, Plaintiffs added state law

---

[1] *See* Piazza v. Associated Wholesale Grocers, Inc., Case No. 2:17-cv-10289-JTM-KWR.

claims under the Louisiana Wage Statute to supplement their FLSA claims. No state law claims were alleged in the first-filed FLSA case.

Defendant AWG now moves to dismiss most of Plaintiffs' state law claims on the ground that they are preempted by the FLSA. Plaintiffs oppose.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The Court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7]

## **LAW AND ANALYSIS**

The Louisiana Wage Statute obligates employers to pay employees "the amount then due under the terms of employment" when an employee either resigns or is discharged.[8] The FLSA, meanwhile, obligates employers to pay

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[3] *Id.* (citing *Twombly*, 550 U.S. at 556).
[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. 662 at 678.
[6] *Id.*
[7] *Lormand*, 565 F.3d 228 at 255–57.
[8] LA. REV. STAT. § 23:631(A).

2

their employees a minimum wage for all hours worked and time-and-a-half for hours worked in excess of 40 per week.[9]

Defendant AWG argues that Plaintiffs' state law claims for "unpaid overtime, unpaid minimum wages, and penalties" should be dismissed because they are preempted by the FLSA.[10] Other sections of this Court and two Louisiana courts of appeal have held that the FLSA preempts Louisiana Wage Statute claims for unpaid overtime when the plaintiff-employees bringing suit engaged in interstate commerce as part of their job with the defendant-employer.[11] Similarly, another section of this Court and the Western District of Louisiana have held that "legal entitlement" claims like those seeking minimum wages—as opposed to "agreed-upon wages" claims—are covered by the FLSA and thus preempt Louisiana claims seeking allegedly unpaid minimum wages and penalties for the failure to pay them.[12] Plaintiffs cite to

---

[9] *See* 29 U.S.C. §§ 206, 207.
[10] Doc. 11-1.
[11] Trigeuros v. New Orleans City., No. 17-10960, 2018 WL 2336321, *2 (E.D. La. May 23, 2018) (Fallon, J.) ("Plaintiff cannot recover unpaid overtime wages under both the FLSA and LWPA because the state law claims are preempted if the employee was engaged in interstate commerce."); Little v. Mizell, No. 15-268, 2016 WL 3430489, at *4 (E.D. La. June 22, 2016) (Lemelle, J.) ("Plaintiff cannot seek to recover unpaid overtime wages under both the FLSA and Louisiana state law because such state law claims are preempted by the FLSA if the employee was engaged in interstate commerce."); Kidder v. Statewide Transp., Inc., 129 So. 3d 875, 880 (La. App. 3 Cir. 2013) ("[W]e conclude that the FLSA overtime provisions preempt Louisiana state law only for employees engaged in interstate commerce; employees engaged in intrastate commerce may still recover for unpaid overtime under La. R.S. 23:631–32."); Odom v. Respiratory Care, Inc., 754 So. 2d 252, 256 (La. App. 1 Cir. 1999) ("The payment of overtime wages is clearly governed by the FLSA.").
[12] Whitworth v. Chiles Offshore Corp., No. 92-1504, 1992 WL 245618, at *1 (E.D. La. 1992) (McNamara, J.) ("[I]f the Louisiana Wage Statute were concerned with the payment of the sort of "legal entitlement" wages sought by Plaintiffs, it would be preempted by the FLSA."); Divine v. Levy, 36 F. Supp. 55, 58 (W.D. La. 1940) ("The plaintiff has entered court under the Federal act, seeking for himself all of its advantages. Should he be benefited additionally with whatever penalties the Louisiana statute may accord him? We answer in the negative.").

no cases for the proposition that these claims are not preempted by the FLSA, and this Court could find none.

Plaintiffs allege FLSA claims in their Complaint and that they "engaged in interstate commerce" as part of their employment for Defendant AWG.[13] Under the aforementioned holdings, Plaintiffs' claims for unpaid overtime, unpaid minimum wages, and any statutory penalties associated with the non-payment of such compensation are preempted by the FLSA. Plaintiffs effectively concede as much in their Opposition to Defendant's Motion to Dismiss.[14]

Plaintiffs nevertheless argue that their state law claims should not be dismissed unless Defendant AWG stipulates that a specific overtime exemption under the FLSA does not apply in this case.[15] Whether specific employees fall within an overtime exemption under the FLSA, however, is irrelevant to whether Plaintiffs' claims are governed by the FLSA.[16] Even if a specific employee falls within a provision of federal law that exempts an employer from paying that employee overtime, it does not change the fact that the FLSA—not the Louisiana Wage Statute—governs claims for unpaid overtime and minimum wages for employees engaged in interstate commerce. Accordingly, Plaintiffs' claims for unpaid overtime and minimum wages under the Louisiana Wage Statute are dismissed. To the extent that Plaintiffs seek

---

[13] Doc. 1 at 5.
[14] Doc. 16 at 3 ("Plaintiffs do not dispute that precedent indicates the FLSA preempts Louisiana Wage Payment claims *in appropriate circumstances*.") (emphasis in original).
[15] Doc. 16 at 3–4.
[16] The Court further notes that in considering Defendant's Motion to Dismiss it cannot look beyond the well-pleaded complaint to consider affirmative defenses raised in other cases.

other "unpaid wages" under the Louisiana Wage Statute,[17] Defendant has not moved to dismiss those claims.[18] Thus, those claims remain.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiffs' state law claims for unpaid overtime, unpaid minimum wages, and penalties associated with the alleged failure to tender such compensation are **DISMISSED** with prejudice. To the extent that Plaintiffs have alleged state law claims for other unspecified unpaid wages, those claims remain.

New Orleans, Louisiana this 3rd day of May, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] Doc. 1 at 1 ("Plaintiffs bring this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and individually under the Louisiana Wage Statute, LA. REV. STAT. ANN. § 23:631 to recover unpaid wages, unpaid minimum wages, unpaid overtime wages and statutorily authorized liquidated and penalty damages as well as reasonable attorney's fees and costs associated with this litigation.").

[18] Doc. 11-1 at 4 ("For the reasons articulated herein, Defendant respectfully requests that Plaintiffs' purported state law claim for alleged unpaid overtime, unpaid minimum wages, and penalties be dismissed.").