UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER BELL ET AL.                                CIVIL ACTION

VERSUS                                                 NO: 19-131

ASSOCIATED WHOLESALE                                   SECTION: "H"
GROCERS INC.


## ORDER AND REASONS

Before the Court is a Joint Motion for Settlement Approval (Doc. 50). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs are former employees of Defendant Associated Wholesale Grocers, Inc. They allege that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay them for all hours worked and overtime wages. In the Joint Motion for Settlement Approval, the parties propose a settlement agreement that provides recovery for the twenty-one plaintiffs in this case (the "Settlement Agreement"). Because this case arises under the FLSA, this Court must approve of the fairness of the settlement.[1] Specifically, the parties

---

[1] Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982).

1

request that the Court issue an order approving the Settlement Agreement as fair, adequate, and reasonable, along with attorneys' fees and costs.

## LAW AND ANALYSIS

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."[2] To pass muster, a settlement agreement must be both (1) the product of a bona fide dispute and (2) fair and reasonable.[3] This Court will analyze the fairness of the Settlement Agreement accordingly.

### A. Bona Fide Dispute

In determining whether a bona fide dispute exists, the court must look for a genuine dispute as to the defendants' liability under the FLSA.[4] "This is because the provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees."[5] The court should ensure that the settlement does not allow the employer to negotiate around the FLSA's mandatory requirements.[6] "[S]ome doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims."[7]

In this case, Plaintiffs alleged that Defendant violated the FLSA by (1) failing to compensate Plaintiffs for all hours worked, specifically time spent working during "lunch breaks;" and (2) failing to compensate Plaintiffs at a rate of one and one-half times their regular hourly wage for hours worked in

---

[2] *Id.*
[3] *Id.*; Domingue v. Sun Elec. & Instrumentation, Inc., 09-682, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010).
[4] *Domingue*, 2010 WL 1688793, at *1.
[5] *Id.* (quoting Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 718 (E.D. La. 2008) (internal quotations and alterations omitted)).
[6] *Collins*, 568 F. Supp. 2d at 719.
[7] *Id.* at 719–20.

excess of forty per week. Throughout this litigation, Defendant denied Plaintiffs' allegations and asserted numerous defenses that may have defeated the claims in whole or in part. The parties engaged in discovery and motion practice, revealing numerous issues of fact and law in this litigation.[8] Accordingly, the Court finds that there is a bona fide dispute between the parties as to whether the Defendant has violated the FLSA.

### B. Fair and Reasonable

Although there are marked differences between a collective action under FLSA and a Rule 23 class action,[9] courts have found that the factors used in determining the fairness of a settlement under Rule 23 should be applied by analogy in considering the fairness of a settlement of a FLSA collective action.[10] These factors are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[11]

Considering these factors, the Court notes that this litigation has neared its end stages, with trial set to begin in in the next few weeks. Extensive discovery has been undertaken and completed, and motion practice has occurred. All parties involved in these settlement agreements were

---

[8] The Court also notes that this dispute was previously litigated in Piazza v. Associated Wholesale Grocers Inc., 17-10289 (Milazzo, J.). Nine of the Plaintiffs in the instant matter were putative opt-in plaintiffs in *Piazza*.
[9] *See* Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 916–19 (5th Cir. 2008).
[10] *E.g., Collins*, 568 F. Supp. 2d at 721; *Liger v. New Orleans Hornets NBA Ltd. P'ship*, 05-1969, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009); *Altier v. Worley Catastrophe Response, LLC*, 11-241, 2012 WL 161824, at *13–14 (E.D. La. Jan. 18, 2012).
[11] *Collins*, 568 F. Supp. 2d at 722.

represented by counsel in extensive negotiations. Plaintiffs' attorneys are experienced in FLSA and complex litigation.

Pursuant to the Settlement Agreement, Plaintiffs' agreed-to compensation amounts are within the range of possible recovery for Plaintiffs in this matter. The settlement amounts were carefully negotiated based in part on the parties' investigation and extensive discovery. The Settlement Agreement treats all Plaintiffs uniformly and awards compensation based upon objective factors considering each Plaintiffs' claims and participation in the litigation. Accordingly, after considering these factors and conducting an *in camera* review of the Settlement Agreement, the Court finds that the Settlement Agreement shows a fair and reasonable resolution of a bona fide dispute.

Further, the Court has considered the attorney's fees contemplated in the Settlement Agreement, and the Court approves these as well. The Settlement Agreement awards Plaintiffs' counsel a specific amount of compensation for attorney's fees and costs. This fee is less than 40% of Plaintiffs' total recovery in this matter and does not compensate Plaintiffs' counsel for all time and work spent on this matter. Accordingly, the Court finds that this fee is reasonable.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Joint Motion for Settlement Approval (Doc. 50) is **GRANTED**, the Settlement Agreement is **ACCEPTED**, and the case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 14th day of April, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**